UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-07697-SJO (JDE) | Date | November 5, 2018 |
|---|---|---|---|
| Title | DaSean LaRon Cooper v. R. Montoya | | |

Present: The Honorable  John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order to Show Cause

On September 5, 2018, Plaintiff DaSean LaRon Cooper ("Plaintiff"), who is currently incarcerated at the Chuckawalla Valley State Prison in Blythe, California, proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 naming R. Montoya ("Defendant"), sued in both his individual and official capacity as the sole defendant. Dkt. 1 ("Complaint") at 1-3 (page references to the Complaint herein refer to CM/ECF pagination).

In the Complaint, Plaintiff asserts Defendant threatened retaliation and then retaliated against Plaintiff for using the inmate appeal process. Id. at 3. However, Plaintiff concedes the grievance procedure is not completed, checking the box on the Complaint confirming that the grievance procedure is not completed. Id. at 2. Plaintiff attached his first level of appeal response (id. at 15-16) and second level of appeal response (id. at 12-13), but Plaintiff provided no evidence to suggest he has completed his third level of appeal.

Plaintiff states he did not complete his grievance procedure yet because "there is no remedy available when seeking mon[e]tary relief" and because he needs "an em[e]rgency injunction." Id. at 2. However, these reasons do not fall within an exception to the exhaustion requirement. See Smith v. Moon, 2012 WL 5425260, at *2 (E.D. Cal Nov. 6, 2012) (finding to the extent Plaintiff needs an emergency injunction, Plaintiff "is not without redress, but redress is not available prior to exhausting his administrative remedies"); Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance."); Booth v. Churner, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust administrative remedies regardless of whether they seek injunctive relief or money damages).

Plaintiff also asserts that he has tried to appeal and pursue remedies for retaliation, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-07697-SJO (JDE) | Date | November 5, 2018 |
|---|---|---|---|
| Title | DaSean LaRon Cooper v. R. Montoya | | |

prison officials have "thwarted every effort." Complaint at 9. He alleges "the administration is protecting [Defendant] from being held accountable for his illegal act," and Plaintiff alleges he has "yet to receive a fair hearing." Id.

While exhaustion is normally a precondition to suit, the Prison Litigation Reform Act ("PLRA") does not require exhaustion "when circumstances render administrative remedies 'effectively unavailable.'" Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir.2010). Courts in the Ninth Circuit require a "good-faith" effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable. Id. at 823–24 (to fall within an exception to exhaustion requirement, "a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted"). If no exception to exhaustion applies, a prisoner's concession to nonexhaustion is a valid ground for dismissal. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). In such circumstances, a court may dismiss an action for failure to exhaust administrative remedies on its own motion. Corona v. Ortiz, 2013 WL 1191833, at *4 (C.D. Cal. Mar. 1, 2013); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Here, the Civil Rights Complaint form specifically asks Plaintiff whether he completed the grievance procedure at the institution. Plaintiff checked the box "No." When asked "why not," Plaintiff answered there is no remedy available when seeking monetary relief, and he needs an emergency injunction. Neither of those purported grounds are sufficient to excuse the exhaustion requirement. Later in the body of his Complaint, when describing what Plaintiff contends are due process violations underlying his claims, he asserts that prison officials have "thwarted [his] every effort" to appeal the underlying rules violation report. Complaint at 9. If Plaintiff asserts prison officials have prevented him from exhausting his administrative remedies, such a claim could, at least at this stage, be sufficient to avoid a dismissal without prejudice for failure to exhaust such remedies. However, based upon the prior assertions in the "exhaustion" section of the Complaint, it does not appear to the Court that Plaintiff is currently making such an assertion.

As a result, Plaintiff is therefore ORDERED to show cause in writing within thirty (30) days of the date of this Order why this action should not be dismissed without prejudice pursuant to the PLRA for failure to exhaust administrative remedies. In particular, Plaintiff should set forth in detail whether he claims the administrative remedies otherwise available to him have been effectively rendered unavailable to him in this case.

Plaintiff is advised that if he fails to file a response within thirty (30) days of the date of this Order, the Court may also recommend the dismissal of this action for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Initials of Clerk:   mba